UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| BRAD LEE JONES,<br><br>Plaintiff,<br><br>vs.<br><br>US DEPARTMENT OF VETERANS AFFAIRS, Royal C. Johnson Veteran Memorial Hospital, 2501 W. 22nd Street, Sioux Falls, SD 57105,<br><br>Defendant. | 4:24-CV-04115-CCT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND 1915 SCREENING** |
|---|---|

Plaintiff Brad Lee Jones filed a pro se lawsuit. Docket 1. Jones moves for leave to proceed in forma pauperis. Docket 2. He also filed a motion to appoint counsel. Docket 3.

## I. Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors*

*Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Jones's financial affidavit, this court finds that he has insufficient funds to pay the filing fee. Thus, Jones's motion for leave to proceed in forma pauperis, Docket 2, is granted.

## II.     1915 Screening

### A.     Factual Allegations of Jones's Complaint

On July 14, 2021, Jones had a full knee replacement performed at the Royal C. Johnson Veteran Memorial Hospital, in Sioux Falls, South Dakota. Docket 1 at 3. On May 22, 2023, Jones had a total knee arthroplasty revision surgery performed by the Orthopedic Institute of Sioux Falls. *Id.* The revision surgery failed to correct the original full knee replacement. *Id.* Jones received two months of physical therapy at the Orthopedic Institute of Sioux Falls. *Id.*

During the revision surgery, Jones discovered that the arthroplasty hardware on his lower patella was improperly installed during the full knee replacement in 2021. *Id.* at 1, 3. In October 2023, Jones filed a tort claim with the United States Department of Veterans Affairs (VA) for malpractice occurring during the 2021 surgery. *Id.* at 3. Jones filed suit in this court after waiting for six months without response from the VA. *Id.*

Jones sues the VA for medical malpractice under 51 U.S.C. § 20137. *Id.* at 1, 3. He seeks $150,000 in money damages for "[p]ain, suffering and loss of use" of his left leg *Id.* at 3–4.

**B. Legal Standard**

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain

either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting *Twombly*, 550 U.S. at 556).

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**C. Legal Analysis**

**1. Claim under 51 U.S.C. § 20137**

Jones alleges a claim against the VA arising under 51 U.S.C. § 20137. Docket 1 at 1, 3. To allege a claim based on this federal statute, Jones "must show that this statutory grant of authority both created an individual right and gave private plaintiffs the ability to enforce it." *Wells v. Creighton Preparatory Sch.*, 82 F.4th 586, 593 (8th Cir. 2023) (citing *Alexander v. Sandoval*, 532 U.S.

275, 286 (2001)). When examining § 20137, the Western District of Arkansas held:

> This statute, however, creates no express cause of action . . . Rather, it makes the remedy against the United States under the Federal Tort Claims Act ("FTCA") preclusive as to any suit against medical personnel of the National Aeronautics and Space Administration ("NASA") for negligent or wrongful acts or omissions committed while acting in the scope of their employment.

*Davis v. Enner Eye Ctr.*, 2024 WL 4143335, at *3 (W.D. Ark. Aug. 8, 2024) (citing 51 U.S.C. § 20137(a), (e)), *R&R adopted by* 2024 WL 4142751 (W.D. Ark. Sept. 10, 2024). Jones has not presented any evidence showing that this statute is relevant to his complaint nor that it provides a private right of action. Thus, Jones's claim under 51 U.S.C. § 20137 is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Federal Tort Claims Act Claim**

Jones's complaint could also be liberally construed to sue the VA for medical malpractice under the FTCA. *See* Docket 1 at 1, 3. The FTCA waives sovereign immunity for claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1).

**a. Exhaustion**

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Exhaustion requires that the plaintiff "shall have first presented the claim to the appropriate Federal agency and his claim shall have

been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id.* "Section 2675(a) simply states that at any time after a claim has been before the government agency for six months and no action has been taken by that agency, the claimant may treat the claim as denied for the purposes of exhaustion of administrative remedies." *Stahl v. United States*, 732 F. Supp. 86, 88 (D. Kan. 1990).

Jones claims that he filed a tort claim with the VA in October 2023. Docket 1 at 3. Over six months later, on June 21, 2024, Jones filed his complaint because he had not received a response from the VA. *Id.* Thus, for the purposes of screening, Jones has claimed that he exhausted his administrative remedies.

**b. Merits of the Claim**

Liberally construing Jones's complaint, he alleges a medical malpractice claim for allegedly wrongful conduct of staff at the Royal C. Johnson Veteran Memorial Hospital. Docket 1 at 1, 3. When analyzing tort claims under the FTCA, the court applies tort law of the state "where the act or omission occurred." *Brownback v. King*, 592 U.S. 209, 212 (2021) (quoting 28 U.S.C. § 1346(b)). Jones claims that the medical malpractice occurred in South Dakota. Docket 1 at 1, 3. Thus, this court applies South Dakota tort law.

"In order to prevail in a suit based on negligence, a plaintiff must prove duty, breach of that duty, proximate and factual causation, and actual injury." *Hanson v. Big Stone Therapies, Inc.*, 916 N.W.2d 151, 158 (S.D. 2018) (quoting *Hamilton v. Sommers*, 855 N.W.2d 855, 861 (S.D. 2014)). "In a suit for professional negligence, the plaintiff must prove that the professional deviated from the required standard of care." *Id.* (citing *Magbuhat v. Kovarik*, 382 N.W.2d 43, 46 (S.D. 1986)).

Here, Jones alleges that there was medical malpractice during his surgery in July 2021 because of the improper installation of arthroplasty hardware on his lower patella. Docket 1 at 1, 3. He claims that because of the alleged malpractice he suffered from pain and was unable to use his left leg. *Id.* at 3. Thus, Jones has alleged sufficient facts for his malpractice claim to survive § 1915 screening.[1]

[1] South Dakota has a two year statute of repose to bring claims for medical malpractice. SDCL § 15-2-14.1. This court has determined that the FTCA's limitation period preempts South Dakota's statute of repose. *Halvorson v. United States*, 5:18-CV-05032-JLV, 381 F. Supp. 3d 1115, 1125–26 (D.S.D. 2019). A tort claim against the United States is forever barred if it is not presented to the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b). "A claim generally accrues for FTCA purposes when the plaintiff is injured but might not accrue until the plaintiff knows or reasonably should know of both the injury's existence and its cause[.]" *Garza v. United States Bureau of Prisons*, 284 F.3d 930, 934 (8th Cir. 2002) (internal citations omitted). *See also K.E.S. v. United States*, 38 F.3d 1027, 1029 (8th Cir. 1994) ("[I]n medical malpractice cases, if the plaintiff has been in 'blameless ignorance' of the injury, the cause of action does not accrue until the plaintiff knows of the fact of injury and its cause." (citing *United States v. Kubrick*, 444 U.S. 111, 120–22 & n.7 (1979)). Thus, for the purposes of screening, this court assumes that Jones's complaint is not barred under SDCL § 15-2-14.1.

**c. Proper Defendant**

Jones only sues the VA. *See* Docket 1 at 1. "Because a federal agency cannot be sued under the Federal Tort Claims Act, the United States is the proper defendant." *Duncan v. Dep't of Labor*, 313 F.3d 445, 447 (8th Cir. 2002) (per curiam) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77 (1994)).

Some courts have sua sponte substituted the United States as the named defendant on a FTCA claim. *Fuemmeler v. SSA*, 2021 WL 5514007, at *1, 3 (W.D. Mo. Mar. 18, 2021); *Sereseroz v. Dep't of VA*, 2014 U.S. Dist. LEXIS 148575, at *4 (N.D. Tex. Sept. 22, 2014) (collecting cases) *R&R adopted by* 2014 U.S. Dist. LEXIS 147521 (N.D. Tex. Oct. 16, 2014); *Dixon v. United States*, 2021 WL 12143094, at *6 n.2 (M.D. Pa. July 6, 2021) ("A court may also *sua sponte* substitute the United States or direct the plaintiff to amend."); *Jones v. Bowie*, 2021 WL 4786943, at *3 (W.D. La. Sept. 28, 2021) (collecting cases), *R&R adopted by* 2021 WL 4785911 (W.D. La. Oct. 13, 2021). Thus, this court sua sponte substitutes the United States as a defendant on Jones's FTCA claim against the VA. Jones's medical malpractice claim under the FTCA against the United States survives § 1915 screening.

**III. Motion to Appoint Counsel**

Jones moves for the appointment of counsel. Docket 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). The court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel to a pro se

litigant, the court considers the "factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted). Jones's claims do not appear to be factually or legally complex, and his filings clearly set forth his claims. Because this court believes that Jones can adequately present his claims at this time, his motion for appointment of counsel, Docket 3, is denied.

**IV. Conclusion**

Accordingly, it is ORDERED:

1. That Jones's motion for leave to proceed in forma pauperis, Docket 2, is granted.
2. That Jones's claim under 51 U.S.C. § 20137 is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).
3. That the United States is substituted as a defendant on Jones's FTCA claim against the VA.
4. That Jones's medical malpractice FTCA claim against the United States survives § 1915 screening.
5. That Jones's motion to appoint counsel, Docket 3, is denied.
6. That the Clerk of Court shall send a blank summons form and Marshall Service Form (Form USM-285) to Jones so that he may cause the complaint to be served upon the defendant in accordance

with Federal Rule of Civil Procedure 4(i)(1), which explains the process of serving the United States.

7. That Jones shall complete and send the Clerk of Court a summons and USM-285 form within **thirty days from the date of this court's screening order**. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

8. That the United States Marshals Service shall serve the complaint (Docket 1), the attachments to the complaint (Docket 1-1), and this order upon the United States.

9. That defendant will serve and file an answer or responsive pleading to the complaint on or before 60 days following the date of service under Federal Rule of Civil Procedure 12(a)(2).

10. That Jones will keep the court informed of his address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated January 2, 2025.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE